UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL T. MCLAUGHLIN,<br><br>                                          Plaintiff,<br>v.<br>JAMES G. COX, et al.,<br><br>                                          Defendants. | Case No. 2:14-cv-00178-APG-PAL<br><br>**ORDER**<br><br>(Mot. Suppl. Pleadings – Dkt. #30)<br>(Mot. Compel Discovery – Dkt. #33)<br>(Mot. Ext. Discovery – Dkt. #34) |

       This matter is before the Court on Plaintiff Michael T. McLaughlin's Motion for Leave to File Supplemental Pleadings (Dkt. #30); Motion to Compel Discovery (Dkt. #33); and Defendants' Motion for Extension of Time (Dkt. #34). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

       Mr. McLaughlin is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), and he is proceeding in this action *pro se* and *in forma pauperis*. *See* Order (Dkt. #18). This case arises from Mr. McLaughlin's allegations, pursuant to 42 U.S.C. § 1983, that Defendants violated his civil rights. On January 31, 2014, Mr. McLaughlin commenced this action by filing an Application for Leave to Proceed *In Forma Pauperis* (Dkt. #1) and Complaint (Dkt. #1-1). Upon review of Mr. McLaughlin's Complaint, the Court issued an Order (Dkt. #5) instructing Plaintiff to file an amended complaint to correct certain defects in his pleading. Once he did so, the Court issued a Screening Order (Dkt. #8) finding that Plaintiff stated plausible claims for retaliation and deliberate indifference to a serious medical condition. *See* Am. Compl. (Dkt. #9).

The Nevada Office of the Attorney General accepted service on behalf of Defendants James G. Cox, Brian E. Williams, Karly McKormack, Francisco Sanchez, Romeo Aranas, Gustavo Sanchez, Cory Newton, and Dulce Kabatay (the "NDOC Defendants"). *See* Notice (Dkt. #19); Suppl. Notice (Dkt. #35). The NDOC Defendants filed their Answer (Dkt. #23) to the Amended Complaint on April 30, 2015. *See also* Joinder to Answer (Dkt. #36). On May 8, 2015, the Court entered a Scheduling Order (Dkt. #24) directing that discovery in this action "shall be completed ninety days from the date of this order which is August 6, 2015." *Id.* ¶ 3(a).

## II.   MCLAUGHLIN'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADINGS (DKT. #30)

In this Motion, Plaintiff requests leave to file a supplemental pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure and the Local Rules of Practice. When seeking leave to amend a pleading, LR 15-1(a) requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading."

Here, Mr. McLaughlin did not attach a proposed amendment or "supplement" for the Court's review. Without a proposed amended complaint to review, the Court cannot determine whether leave to amend is appropriate. In addition, the rules do not allow for a "supplemental pleading" because an amended complaint supersedes an original, and the original complaint no longer serves any function. *See, e.g.*, *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the Court must deny this request.

## III.   MCLAUGHLIN'S MOTION TO COMPEL DISCOVERY (DKT. #33)

On July 16, 2015, Plaintiff filed his First Request for Production of Documents and/or Motion for an Order Compelling Discovery (Dkt. #33). The Court has considered the Motion and the NDOC Defendants' Response (Dkt. #37), filed August 3, 2015. No reply brief was filed and the time to do so has now passed.

On June 12, 2015, Plaintiff sent an "official request for documents" to the correctional case records manager of the offender management division. *See* Mot. at 6, Exhibit 1. A representative of the Southern Desert Correctional Center responded to his request by stating that, pursuant to NDOC Regulation 568.05, inmates are not normally "provided with copies of

1  documents maintained by the department." *Id*. at 7.  Pursuant to Rule 34 of the Federal Rules of
2  Civil Procedure, Plaintiff argues that he should have received the requested documents. *Id*. at 2.
3  His Motion also lists additional documents that he believes should be furnished. *Id*.  In addition,
4  McLaughlin asks the Court to compel the NDOC Defendants to answer his interrogatories,
5  which he submitted on June 22, 2015. *Id*.

6         Mr. McLaughlin's Motion lacks merit for multiple reasons.  First,  filing a motion with
7  the Court is not the proper procedure for requesting written discovery materials from a party.
8  Once the Court enters a scheduling order, the parties are permitted to engage in discovery.  *See*
9  Fed. R. Civ. P. 16; LR 16-1(b).  However, LR 26-8 of the Local Rules of Practice states that
10 written discovery requests may not be filed on the Court's docket.[1]  To the extent that Mr.
11 McLaughlin's Motion requests that the NDOC Defendants produce documents, it was
12 improperly submitted to the Court.

13        Second, with regard to Mr. McLaughlin's request for an order compelling discovery
14 documents or answers to his interrogatories, he has not satisfied the procedural requirements for
15 such relief.  Discovery requests must be served *directly on opposing parties*, who then have 30
16 days to respond.  *See* Fed. R. Civ. P. 34.  A motion to compel discovery materials may only be
17 filed when a timely discovery request has been served, the opposing party has not responded or
18 has inadequately responded, and the moving party has attempted in good faith to resolve any
19 dispute about the adequacy of the discovery responses without the Court's intervention.  *See* Fed.
20 R. Civ. P. 37(a); LR 26-7.

21        Here, Mr. McLaughlin served an "official request for documents" to the correctional case
22 records manager of the offender management division rather than on counsel for NDOC

---

[1] The Scheduling Order in this case outlining discovery deadlines informed Mr. McLaughlin that discovery requests should not be filed with the Court:

> Pursuant to LR 26-8, unless otherwise ordered by the Court, written discovery, including responses thereto, certificates of service pertaining thereto and deposition transcripts, shall **not** be filed with the Court. Originals of responses to written discovery requests shall be served on the party who served the discovery request and that party shall make such originals available at the pretrial hearing, at trial, or on order of the Court.

Scheduling Order (Dkt. #24) ¶ 3(c).

1  Defendants *See* Mot. Ex. 1 at 6.   With respect to his interrogatories, Mr. McLaughlin states
2  that he sent these to the NDOC Defendants on June 22, 2015; however, he filed the Motion on
3  July 16, 2015.  Rule 34 provides 30 days for a response, but the Motion was filed before 30-day
4  time period had expired.  Therefore, Mr. McLaughlin prematurely filed the Motion.

5  Lastly, the Motion does not include a certification that Mr. McLaughlin attempted in
6  good faith to resolve his discovery dispute with the NDOC Defendants prior to requesting
7  judicial intervention.[2]  As a general rule, parties with discovery disputes are required to conduct
8  personal, two-way communication to attempt to resolve their disputes without court intervention.
9  Where one of the parties is a prisoner, the Court does not require in-person meetings and allows
10 the prisoner and defense counsel to meet and confer by telephone or by exchanging letters.
11 Although the format of the meet-and-confer process changes, the substantive requirement
12 remains the same-namely, the parties must engage in a good faith effort to meet and confer in a
13 good faith effort to resolve the dispute before seeking court intervention.  LR 26–7(b) provides
14 that a motion to compel "will not be considered unless a statement of the movant is attached
15 thereto certifying that, after personal consultation and sincere effort to do so, the parties have
16 been unable to resolve the matter without the Court's intervention."  Mr. McLaughlin has not
17 complied with these requirements; therefore, he has not established cause for the requested relief.
18 The Motion is denied.

19 **IV.    THE NDOC DEFENDANTS' MOTION FOR EXTENSION OF TIME (DKT. #37)**

20 When a request is made to modify a discovery plan and scheduling order before the
21 expiration of the deadlines therein and before the final pretrial order is entered, a district court
22 may extend the discovery deadlines upon a showing of "good cause."  *Coleman v. Quaker Oats*
23 *Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  The good cause standard "primarily considers the
24 diligence of the party seeking the amendment." *Id*.  Extensions of time may be allowed if the

---

[2] The NDOC Defendants' Response (Dkt. #37) to the Motion indicates that counsel would be providing Plaintiff with certain documents to facilitate progress in this case and also explained the procedures for obtaining additional documents through prison administrators.  As such, Plaintiff's request for relief may now be moot.

discovery deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Id*.

The Court entered a Scheduling Order (Dkt. #24) on May 8, 2015, directing that discovery in this action "shall be completed ninety days from the date of this order which is August 6, 2015." *Id*. ¶ 3(a). On July 27, 2015, the NDOC Defendants requested additional time to respond to Mr. McLaughlin's interrogatories to Defendant Newton because Defendant Newton is no longer employed by NDOC. Thus, counsel for the NDOC Defendants requested an extension until August 6, 2015, to provide Defendant Newton's responses. Mr. McLaughlin filed a Response (Dkt. #39) stating that he has no objection to the NDOC Defendants' request. Accordingly, the extension is granted.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Michael T. McLaughlin's Motion for Leave to File Supplemental Pleadings (Dkt. #30) is DENIED.
2. Plaintiff Michael T. McLaughlin's Motion to Compel Discovery (Dkt. #33) is DENIED.
3. Defendants' Motion for Extension of Time (Dkt. #34) is GRANTED

Dated this 14th day of December, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5