1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

MICHAEL T. MCLAUGHLIN,

Plaintiff,

v.

JAMES G. COX, *et al.*,

Defendants.

Case No. 2:14-cv-00178-APG-PAL

**ORDER DENYING MOTIONS TO SHOW CAUSE AND FOR A RESTRAINING ORDER**

(ECF Nos. 41, 42)

Plaintiff Michael T. McLaughlin is an inmate at Southern Desert Correctional Center ("SDCC"). Included within his lawsuit is a claim that doctors at SDCC have been deliberately indifferent to his medical needs by not treating his chronic back pain. He now requests that the defendants be required to provide a medically appropriate course of treatment for his chronic back pain and that a back specialist examine him.

The defendants respond that McLaughlin has been seen by four different doctors at SDCC and has been given x-rays and prescription medication. They contend he simply disputes the treatment he has been given, but he has no likelihood of success on his claim that doctors at SDCC have been deliberately indifferent to his medical needs.

The standard for obtaining a temporary restraining order and a preliminary injunction are substantially the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

1       In the context of a civil action challenging prison conditions, injunctive relief "must be

2   narrowly drawn, extend no further than necessary to correct the harm the court finds requires

3   preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C.

4   § 3626(a)(2).  I must give "substantial weight to any adverse impact on public safety or the

5   operation of a criminal justice system caused by the preliminary relief and shall respect the

6   principles of comity set out" in § 3626(a)(1)(B). *Id.*

7       A preliminary injunction is "an extraordinary and drastic remedy, one that should not be

8   granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v.*

9   *Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).  Where, as here, a

10  requested injunction seeks to make another party take affirmative action, I "should deny such

11  relief unless the facts and law clearly favor the moving party." *Garcia v. Google, Inc.*, 786 F.3d

12  733, 740 (9th Cir. 2015) (en banc) (quotation omitted).

13      Here, McLaughlin has not established a likelihood of success on the merits.  By his own

14  evidence, McLaughlin was seen for his back pain by Dr. Aranas and nurse practitioner Kabatay;

15  was given x-rays; and was prescribed pain medication, muscle relaxers, and a balm to address his

16  back pain. *See, e.g.*, ECF Nos. 9-1 at 39, 42, 48-49; 41 at 5, 16.  Additionally, the defendants have

17  presented evidence that McLaughlin was seen by Dr. Joselo Vicuna on September 4, 2015. ECF

18  No. 46-1 at 2-3.  Dr. Vicuna ordered x-rays and reviewed those with McLaughlin ten days later.

19  *Id.*  The x-ray results were unremarkable. *Id.*  Dr. Vicuna prescribed prednisone for inflammation

20  and flexeril, a muscle relaxant. *Id.* at 3.

21      Further, since McLaughlin filed these motions, the defendants have moved for summary

22  judgment on his deliberate indifference claim.  McLaughlin did not substantively oppose that

23  portion of the defendants' motion. *See* ECF No. 69.  Although he indicates in another filing that

24  he does oppose the defendants' motion, he does not present evidence or argument in response.

25  *See* ECF No. 76.

26      The medical records and declarations from treating personnel attached to the defendants'

27  motion show that McLaughlin was seen repeatedly for his back pain, given x-rays, prescribed

28

medication, and advised about stretching to strengthen his back and alleviate pain. *See* ECF Nos. 59-10; 59-13; 59-15; 61-1 at 4-5, 8-9, 11, 14-16, 19-20, 25, 30, 32-34.  The doctors at SDCC thus have been treating McLaughlin's back pain.  Further, the doctors and nurse practitioner each opine that McLaughlin has received medically appropriate treatment. *See* ECF Nos. 59-10; 59-13; 59-15.  McLaughlin has not presented any contrary evidence beyond his own opinion that he ought to see a specialist.

McLaughlin has been seen by multiple doctors who have reached similar conclusions regarding his course of treatment.  His disagreement "as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  McLaughlin has not shown that "the course of treatment the doctors chose was medically unacceptable under the circumstances," or that the doctors "chose this course in conscious disregard of an excessive risk to [his] health." *Id.* He therefore has not established a likelihood of success on the merits, much less made a showing that the facts and law clearly favor a mandatory injunction.  Consequently, I deny his motions to show cause and for injunctive relief.

IT IS THEREFORE ORDERED that plaintiff Michael T. McLaughlin's motion for order to show cause (**ECF No. 41**) and motion for a restraining order (**ECF No. 42**) **are DENIED**.

DATED this 28th day of June, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE